UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AREF RAFIEH,

    Plaintiff,

v.

SAFEWAY INC.,

    Defendant.

Case No.17-cv-01413-HRL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 5

Pending before the court is Defendant Safeway, Inc.'s ("Safeway") motion to dismiss three of the eleven claims brought by Plaintiff Aref Rabieh ("Rabieh"). Dkt. No. 5. Both parties have consented to magistrate judge jurisdiction. Dkt. Nos. 8, 9. For the reasons described below, the court grants the motion to dismiss.

## BACKGROUND

The following facts are alleged in Rabieh's complaint. Dkt. No. 1, Ex. A. Rabieh started working as a food clerk at Safeway, a supermarket chain, in October 2010. *Id.*, ¶ 1. He received positive performance reviews. *Id.*, ¶ 10.

Rabieh takes prescription medication for back pain. *Id.*, ¶ 11. In 2016, he took several sick days to deal with this pain. *Id.*, ¶ 12. His manager, however, called him and threatened to fire him if he took additional sick days, putting Rabieh in fear of losing his job. *Id.* As a result, Rabieh came into work "despite extreme pain" on December 19, 2016, having taken prescription medication earlier that day. *Id.*, ¶ 13. Once Rabieh arrived at work, his manager accused him of being drowsy and "under the influence," ordered him to take a drug test, and suspended his employment. *Id.*, ¶ 13.

Rabieh tested positive for his prescription pain medication—and for no other drugs. *Id.*, ¶ 14. Safeway did not work with Rabieh to find a reasonable accommodation for his pain. *Id.*, ¶ 15.

Instead, despite Rabieh showing his supervisors his prescription paperwork and doctor's notes confirming that he had been prescribed the medicine for which he tested positive, Rabieh was terminated. *Id.*, ¶¶ 14, 15. The official reason given for Rabieh's termination was his violation of unspecified "company policies and rules." *Id.*, ¶ 15. As a result of his termination and the events leading up to it (including his manager's threats and the imposed drug test), Rabieh experienced "mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches." *Id.*, ¶ 70.

Rabieh filed suit against Safeway in Santa Clara Superior Court less than one month after his termination. Dkt. No. 1, ¶ 1. His complaint alleges eleven claims, including: unlawful retaliation in violation of public policy, wrongful termination in violation of public policy, discrimination and harassment, failure to prevent and investigate discrimination and harassment, failure to provide reasonable accommodation, violation of California Family Rights Act ("CFRA") / Family Medical Leave Act ("FMLA") rights, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and invasion of privacy. Dkt. No. 1, Ex. A. Safeway removed the action to federal court on the basis of federal question jurisdiction and filed the present motion to dismiss. Dkt. Nos. 1, 5.

Safeway moves to dismiss only Rabieh's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Dkt. No. 5. Safeway asserts that each claim is barred by the exclusive remedy provisions of California's Workers' Compensation Act ("WCA")—and thus that leave to amend is not warranted. *Id.* Safeway also argues that dismissal of each claim is appropriate on the grounds that Rabieh fails to state a claim upon which relief may be granted. *Id.* For the intentional infliction of emotional distress claim, Safeway asserts that Rabieh does not allege extreme and outrageous conduct. *Id.* For the negligent infliction of emotional distress and negligence claims, Safeway argues that Rabieh alleges only intentional actions by Safeway and that he fails to sufficiently plead the essential elements of a negligence claim. *Id.*

In response, Rabieh argues that his claims are not barred by the WCA's exclusivity provisions because Safeway's discriminatory conduct both falls outside the normal course of

employment and implicates substantial public policy considerations. Dkt. No. 7. Rabieh further asserts that Safeway's conduct in threatening to fire him for taking sick leave, forcing him to take a drug test, and firing him for taking prescription drugs is "outrageous"—or at least that the question of whether this conduct is outrageous should go to a jury. *Id.* As for his negligence and negligent infliction of emotional distress claims, Rabieh argues that Safeway negligently handled his termination by breaching the standard of care of a reasonable employer who should not terminate employees for attempting to manage their pain. *Id.* If the court finds the negligence-related claims insufficiently plead, Rabieh requests leave to amend to allege additional facts as to the reasons Safeway provided Rabieh for his termination (namely, that the levels of the pain medication in Rabieh's system were above those typically found in the bodies of those taking that medication; Rabieh argues that his supervisors were neither doctors nor *his* doctor, and that their decision to terminate him on the basis of their own medical opinions was negligent). *Id.*

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a cause of action are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**DISCUSSION**

Safeway argues that each of the three claims it moves to dismiss are barred by the exclusive remedy provisions of the WCA.

The WCA is the exclusive remedy for employees suffering physical or mental injuries

3

arising out of the course of employment. *Shoemaker v. Myers*, 52 Cal. 3d 1, 7, 15. The WCA's exclusive remedy provisions institute a "compensation bargain" between employers and employees governing claims for such injuries. *Id.*, at 16. In this bargain, employees receive faster and more certain awards of compensation in exchange for giving up the more varied and substantial damages available at common law. *Id.* There are two relevant exceptions to WCA exclusivity. Claims may fall beyond the WCA's exclusivity when either (1) the defendant's conduct causing the injury is not "a normal part of the employment relationship" and/or has a "questionable" relationship to the employment, or (2) the conduct violates a "fundamental public policy of [the] state." *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 812, 820, 823 (2001).

Safeway argues that neither exception applies. The conduct alleged by Rabieh, it asserts—specifically, termination and discipline related to a drug test—are well within a normal employment relationship. For this proposition, Safeway cites *Cole v. Fair Oaks Fire Protection District*, in which the court stated that "every employer must on occasion review, criticize, demote, transfer and discipline employees." 43 Cal. 3d 148, 160 (1987). Additionally, Safeway argues that Rabieh's claims do not fall under the public policy exception.

Rabieh disagrees. Safeway's conduct, he argues, included harassment, discrimination on the basis of disability, retaliation on the basis of a protected characteristic, and a failure to provide a reasonable accommodation—or even to engage in an interactive process discussing such an accommodation. Such discrimination and retaliation, he claims, move Safeway's conduct beyond the typical bounds of an employment relationship and violate a public policy of the state.

The court is persuaded that Safeway's complained-of conduct falls within the normal bounds of employment. First, Rabieh's assertions that Safeway's motives were intentional do not seem to have a place in this part of the analysis. *Cole*, 43 Cal. 3d at 160 ("[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, . . . an employee suffering emotional distress . . . may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."). Second, the

4

conduct alleged by Rabieh is more similar to the conduct other courts have determined to be part of the normal employment relationship than it is to the conduct deemed beyond those bounds. *Compare Semore v. Pool*, 217 Cal. App. 3d 1087, 1092, 1104 (1990) (finding that an employee's termination for refusing to take a random drug test was "a normal part of the work relationship"), *and Cole*, 43 Cal. 3d at 151-53, 160 (finding that harassment of an employee for union activities and unwarranted disciplinary hearings, demotions, and termination were part of the normal employment relationship), *with Hart v. Nat'l Mortg. & Land Co.*, 189 Cal. App. 3d 1420, 1424, 1430 (1987) (finding that a supervisor's sexual harassment of the plaintiff had a questionable relationship to the employment); *see also Shoemaker v. Myers*, 52 Cal. 3d at 15 ("if the injuries did arise out of . . . the course of the employment, the exclusive remedy provisions apply notwithstanding that the injury resulted from the intentional conduct of the employer, and even though the employer's conduct might be characterized as egregious."). Rabieh's injuries resulted from his termination from a job with public-facing responsibilities following a drug test he was ordered to take after his manager "accused [him] of being drowsy and 'under the influence.'" Dkt. No. 1, Ex. A, ¶¶ 10, 13. Even though Rabieh characterizes Safeway's motivations for ordering the drug test and its interpretation of the results as egregious, these actions still fall within the normal course of the employment relationship.

As for Rabieh's argument that the WCA exclusivity provision does not apply because the conduct alleged violates a fundamental public policy, Rabieh's argument is accurate for his wrongful termination and discrimination claims, but not for the claims that are the subject of the motion to dismiss. Rabieh's argument relies on *Cabesuela v. Browning-Ferris Industries of California, Inc.*, and similar cases which held that "where . . . a plaintiff's emotional distress claim is premised upon his employer's violation of a fundamental public policy of this state, such misconduct lies outside of the exclusive remedy provisions of the Labor Code." 68 Cal. App. 4th 101, 113. *Cabesuela*, however, does not survive a more recent California Supreme Court case, *Miklosy v. Regents of the University of California*. 44 Cal. 4th 876 (2008). In that case, the court distinguished *Tameny* claims for wrongful discharge (see *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (1980)) from claims for intentional infliction of emotional distress. *Id.*, at 902-03. The court

5

determined that the "exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a *Tameny* action to proceed despite the workers' compensation exclusivity rule." *Id.* But though the *Tameny* action could go forward, the court held that the emotional distress claim—even though it incorporated the wrongful termination allegations—was nevertheless barred. *Id.* The court relied on its prior holding in *Shoemaker*, which it quoted:

> To the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of public policy, *but rather directed at the intentional, malicious aspects of defendants' conduct* . . . , then plaintiff has alleged no more than the plaintiff in *Cole v. Fair Oaks Fire Protection District*, . . . . The kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions.

*Id.* at 902 (quoting *Shoemaker*, 52 Cal. 3d at 25) (emphasis added). Other courts in the Northern District, interpreting California law, have acknowledged *Miklosy*'s effect on intentional infliction of emotional distress claims asserting the public policy exception. *Saba v. Unisys Corp.*, 114 F. Supp. 3d 974, 984 (N.D. Cal. 2015) (holding that, after *Miklosy*, the public policy exception permitted the plaintiff's *Tameny* claims but barred his claim for intentional infliction of emotional distress).

Here, Rabieh's *Tameny* claims may go forward despite the WCA. But as his claim for intentional infliction of emotional distress is "directed at the intentional, malicious aspects of defendant['s] conduct" and not dependent on the violation of an express statute or public policy, it is barred.

For the remaining two claims, Rabieh attempts to distinguish *Dunlap v. Association of Bay Area Governments*, a Northern District case in which the court determined that a plaintiff's negligence-based claims fell under the exclusive jurisdiction of the Workers' Compensation Appeals Board. 996 F. Supp. 962, 967 (N.D. Cal. 1998). In *Dunlap*, the plaintiff claimed that he was discriminated against on the basis of his disability and brought claims for violation of the ADA and Rehabilitation Act, as well as a claim for negligent infliction of emotional distress. *Id.*,

6

at 963.  As in *Miklosy*, the court held that the plaintiff's argument that the public policy exception to WCA exclusivity should apply "would be persuasive" as to his ADA and Rehabilitation Act claims, but that his claim for negligent infliction of emotional distress was "based not on allegations of discrimination, but rather on allegations of negligence." *Id.*, at 967.  The court continued: "Plaintiff asserts that defendants were negligent in the administration of his workers' compensation claim.  Such a claim falls squarely within the exclusive jurisdiction of the Workers' Compensation Appeals Board" and is preempted.  *Id.*

Rabieh attempts to distinguish *Dunlap* by arguing that the claim in that case did not implicate substantial public policy considerations, but that his claims for negligence and negligent infliction of emotional distress—based as they are on discriminatory conduct (albeit negligent conduct, as Rabieh asserts)[1]—rely on the violation of such policies.  In light of *Miklosy*, Rabieh incorrectly applies the law to his claims.  Rabieh's claims for wrongful discharge and discrimination rely on these public policies.  His claims for negligence and negligent infliction of emotional distress, like those in *Dunlap*, are based on allegations of negligence, and fall under the exclusive jurisdiction of the Workers' Compensation Appeals Board.

## CONCLUSION

As the claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence are barred by the exclusivity provisions of the WCA, the court grants Safeway's motion to dismiss these three claims.  As amendment could not bring these claims out from under the reach of the WCA, the court denies leave to amend.

**IT IS SO ORDERED.**

Dated: 4/25/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] It is worth noting that the ADA is intended to reach such negligent discrimination.

7